# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRYAN WAYNE CRAWLEY,

    Petitioner,

    v.

BRAD CAIN, et al.,

    Respondents.

Case No. 2:17-cv-02086-RFB-CWH

**ORDER**

## I. Introduction

This is a reopened habeas corpus action under 28 U.S.C. § 2254. Respondents' motion to dismiss (ECF No. 16) was pending when the Court stayed this action. The Court now has reopened the action and reinstated the motion to dismiss. The Court finds that ground II(A) of the first amended petition (ECF No. 14) does not relate back to the timely initial petition (ECF No. 1). The Court finds that ground II(B) of the first amended petition does relate back to the initial petition. The Court thus grants the motion to dismiss in part and dismisses ground II(A).

## II. Procedural History

After a jury trial in the state district court, Petitioner Crawley was convicted of the following offenses:

Conspiracy to commit burglary and/or invasion of the home;

Conspiracy to commit robbery (2 counts);

Murder with the use of a deadly weapon, victim over 60 years of age;

Burglary while in possession of a firearm (2 counts);

Invasion of the home in possession of a firearm;

Robbery with the use of a deadly weapon, victim over 60 years of age;

Conspiracy to commit battery;

Attempted murder with the use of a deadly weapon (2 counts);

Robbery with the use of a deadly weapon (2 counts);

Battery with intent to commit a crime;

Burglary;

Assault with a deadly weapon;

Failure to stop on the signal of a police officer;

Child abuse and neglect;

Conspiracy to commit murder;

Solicitation to commit murder (3 counts);

Conspiracy to commit an act for the perversion or corruption of public justice; and

Bribing or intimidating a witness to influence testimony.

Ex. 192 (ECF No. 21-31). Crawley appealed. Ex. 190 (ECF No. 21-29). The Nevada Supreme Court affirmed. Ex. 217 (ECF No. 22-16).

Crawley then filed a post-conviction petition for a writ of habeas corpus in the state district court. Ex. 219 (ECF No. 22-18). The state district court appointed counsel to represent Crawley. Ex. 222 (ECF No. 22-21). Crawley then filed a counseled supplemental petition. Ex. 226 (ECF No. 22-25). The state district court held an evidentiary hearing. Ex. 239 (ECF No. 23-13). The state district court then denied the petition. Ex. 241 (ECF No. 23-15). Crawley appealed. Ex. 243 (ECF No. 23-17). The Nevada Supreme Court affirmed. Ex. 254 (ECF No. 23-28).

Crawley commenced this action with his proper-person initial petition under 28 U.S.C. § 2254. ECF No. 1. The court appointed counsel. ECF No. 5. Crawley then filed a counseled first amended petition. ECF No. 14. Respondents moved to dismiss grounds II(A) and II(B) of the first amended petition because they did not relate back to the initial petition. ECF No. 16. The

Court stayed the action pending a decision in the Ninth Circuit that could affect the disposition of the motion to dismiss. ECF No. 26. The Ninth Circuit's case has become final. See Ross v. Williams, 950 F.3d 1160 (9th Cir. 2020) (en banc), cert. denied sub nom. Daniels v. Ross, ___ U.S. ___, 2020 WL 6551908 (Nov. 9, 2020). The court reinstated the action and the motion to dismiss. ECF No. 33.

The parties agree that the initial petition, which Crawley mailed or handed to a correctional officer on July 26, 2017, is timely. The parties also agree that the one-year period of limitation of 28 U.S.C. § 2244(d)(1) expired on August 17, 2017. The counseled first amended petition, which Crawley filed on August 22, 2018, is untimely. Each claim in the first amended petition thus must relate back to the initial petition to be timely.

**III. Legal Standard**

An amended habeas corpus petition "does not relate back (and thereby escape [§ 2244(d)(1)'s] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005). Relation back is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ." Id. at 664. "If a petitioner attempts to set out habeas claims by identifying specific grounds for relief in an original petition and attaching a court decision that provides greater detail about the facts supporting those claims, that petition can support an amended petition's relation back." Ross, 950 F.3d at 1167. If a claim in an untimely amended petition shares a common core of operative fact with a claim in a previous, timely petition, then the claim relates back even if it alleges a different legal theory. Ha Van Nguyen v. Curry, 736 F.3d 1287, 1296-97 (9th Cir. 2013), abrogated on other grounds by Davila v. Davis, 137 S. Ct. 2058 (2017).

**IV. Discussion**

**A. Ground II(A) does not relate back**

Ground II(A) of the first amended petition is a claim that the prosecution violated the Confrontation Clause of the Sixth Amendment. Allison Kiel was a witness for the prosecution. She testified about hearsay declarations by Crawley's co-defendant, Chris Brewer. Crawley

3

objected, but the trial court overruled the objection. Ex. 146 at 222-23 (ECF No. 20-24 at 223-24). Brewer did not testify at trial. On direct appeal, Crawley argued that Kiel's testimony violated the Confrontation Clause. Ex. 207 at 25-27 (ECF No. 22-6 at 26-28). The Nevada Supreme Court rejected it. Ex. 217 at 5 (ECF No. 22-16 at 6).

Crawley argues that ground II(A) relates back to ground 2(G)(3) of the initial petition. Ground 2(G)(3) states, "The District trial court erred in denying petitioner the relief I sought based on the ineffective assistance of counsel for . . . (3) failing to object to improper hearsay testimony." ECF No. 1 at 8. Crawley argues, "Although the legal issue in Ground II(A) of the amended petition is a substantive Confrontation Clause claim, the issue in the original petition of ineffective assistance of counsel is predicated upon this substantive Confrontation Clause claim." ECF No. 34 at 5 (emphasis in original). Crawley is correct that under Nguyen a claim in his first amended petition can relate back to a timely claim with a different legal theory in his initial petition, but the two claims still must share a common core of operative fact. Likewise, if the legal theory in the initial petition points to a different set of operative facts than the operative facts alleged in the amended petition, then the two claims do not share a common core of operative fact.

In the case of ground II(A), it does not share a common core of operative fact with ground 2(G)(3) of the initial petition. The Court has summarized the operative facts of ground II(A) above. The operative fact of ground 2(G)(3) of the initial petition is unspecified hearsay testimony. However, it is unspecified hearsay testimony (1) to which trial counsel did not object, (2) for which Crawley raised a claim of ineffective assistance of counsel, and (3) on which the state district court denied the claim of ineffective assistance of counsel. See ECF No. 1 at 8. So specified, ground 2(G)(3) could not have referred to Allison Kiel's testimony. First, trial counsel did object to Kiel's testimony. Ex. 146 at 223 (ECF No. 20-24 at 224). Crawley himself quotes the objection. ECF No. 14 at 23. In its direct-appeal decision, the Nevada Supreme Court noted that Crawley objected. Ex. 217 at 5 (ECF No. 22-16 at 6). Second, Crawley could not have raised on direct appeal a claim of ineffective assistance of counsel regarding Kiel's testimony. Nevada generally requires a person to raise a claim of ineffective assistance of counsel in a post-conviction habeas corpus petition.

Gibbons v. State, 634 P.2d 1214 (Nev. 1981). Third, Crawley did not raise in any state-court proceedings a claim of ineffective assistance of counsel regarding Kiel's testimony.

The structure of ground 2(G) of the initial petition itself is a clue to what ground 2(G)(3) refers. Ground 2(G) corresponds, with a few exceptions, to the structure of Crawley's counseled supplemental state post-conviction petition. Part III(C) of the supplemental petition is a claim that trial counsel provided ineffective assistance because trial counsel failed to object to prejudicial and inadmissible hearsay. Ex. 226 at 12 (ECF No. 22-25 at 13). Witness John J. Herda testified that he had heard vaguely that, his father, the decedent, also named John Herda, had owned $500 bills, and trial counsel did not object to the hearsay. The state district court denied this claim. Ex. 241 at 6-7 (ECF No. 23-15 at 7-8). The Nevada Supreme Court affirmed the denial of the claim. Ex. 254 at 2-3 (ECF No. 23-28 at 3-4). John J. Herda's testimony, not Allison Kiel's testimony, better matches the allegation in initial ground 2(G)(3) about hearsay testimony.

The facts in ground II(A) are different in time and type from the facts in initial ground 2(G)(3). Ground II(A) concerns Allison Kiel's hearsay testimony about what Crawley's co-defendant said. Ground 2(G)(3) concerns John J. Herda's hearsay testimony about somebody once telling him that his father owned $500 bills. Ground II(A) thus does not relate back to initial ground 2(G)(3). Ground II(A) is untimely, and the court dismisses it.

The Court is not concerned that this would make initial ground 2(G)(3) redundant to initial ground 2(A), which alleges that trial counsel failed to object to John J. Herda's testimony about the $500 bills. Much of the initial petition already is redundant. For example, initial ground 1(D) and initial ground 3(B), which the court will discuss in relation to ground II(B), are exactly the same.

Crawley also argues that the proper-person initial petition includes the Nevada Supreme Court's decision on direct appeal. ECF No. 34 at 6. The initial petition, in fact, does not include a copy of that decision. It includes a copy of the remittitur issued after the direct-appeal decision. ECF No. 1 at 14. The remittitur contains no facts relevant to ground II(A), or any ground. Crawley then presents two arguments to address that problem. First, he argues that he must have intended to attach the Nevada Supreme Court's decision, but he was confused about what was the final decision. Second, he argues that when the Nevada Supreme Court issued the remittitur, Rule

5

41(a)(2) of the Nevada Rules of Appellate Procedure requires the attachment of a certified copy of the decision.

The Court will not rule upon Crawley's argument to expand Ross to documents that Crawley did not include with the petition, because it is unnecessary. The Court needed to refer to those documents anyway to determine whether ground II(A) relates back to initial ground 2(G)(3). The court has determined that ground 2(G)(3) does not refer to the same testimony that Crawley challenges in ground II(A). A determination that a direct-appeal decision that was not attached to the initial petition was effectively part of the initial petition would not change the court's conclusion.

### B.     Ground II(B) relates back

Ground II(B) also claims a violation of the Confrontation Clause. Nick Herda was a witness for the prosecution. Before the police had arrested anyone for the death of Nick Herda's father, Max Gutierrez contacted Nick Herda and said that he had information. Nick Herda paid Gutierrez. On re-direct examination, Nick Herda testified that Gutierrez gave him information about who had committed the murder, before the police had arrested Crawley, and that Gutierrez told Nick Herda that he was in a difficult situation because he was going out with Crawley's mother. ECF No. 14 at 24-25. Gutierrez did not testify at trial.

Crawley argues that ground II(B) relates back to initial ground 1(D) and, redundantly, initial ground 3(B). Respondents disagree. Much of the disagreement hinges upon the wording of ground 1(D), and the court repeats it here:

> The State of Nevada allowed family member's [sic] of the victim to compensate prosecution witnesses in exchange for their testimony against Mr. Crawley. A state witness Max Gutierrez was paid money by Nick Herda, the victim's son in the case for continued information against petitioner. This brings into question any and all testimony given by witnesses who received money from the Herda family or continued to receive money before, during and after their testimony. Metro lead Det. Hanna was aware that Nick Herda was paying money to Max Gutierrez, the Gutierrez family, and also to Kenneth Haywood and his family, another state witness in petitioner's case. Both witnesses gave what the State would classify as damning testimony, was their testimony bought by the family of the victim? The jury was troubled and concerned during trial, as they asked many questions regarding the money payments to the state witnesses for their testimony, the Court nor the State answered or followed up on during trial. This violates the federal constitution because it is in part predicated upon inadmissible hearsay testimony intended to bolster the credibility of already biased witnesses.

ECF No. 1 at 4. Respondents argue first that in initial ground 1(D) Crawley alleges that Gutierrez testified, and that in ground II(B) Crawley alleges that Gutierrez did not testify. However, the initial petition is pro se, and the court needs to construe it liberally. First, Crawley did not actually allege that Gutierrez testified; he alleged that Gutierrez gave "testimony" and "damning testimony." Crawley also alleged that Gutierrez gave "hearsay testimony." Hearsay testimony is still testimony, even if the declarant himself did not testify at trial. It is the very sort of testimony that the Confrontation Clause protects against, because the defendant does not have the opportunity to test the hearsay through cross-examination. See Crawford v. Washington, 541 U.S. 36 (2004). Second, even if Crawley actually alleged that Gutierrez testified at trial, with liberal construction the court would harmonize the inaccurate allegation with the facts as they actually occurred at trial.

Respondents next argue that initial ground 1(D) has no reference to Nick Herda testifying about a hearsay statement by Gutierrez. This is inaccurate. Crawley alleged in the last sentence of initial ground 1(D) that there was inadmissible hearsay testimony. "Rule 15(c)(1)(B) [of the Federal Rules of Civil Procedure] allows relation back to an occurrence that was only 'attempted to be set out' in the original pleading, which necessarily contemplates that the original pleading may be inadequately pleaded yet still support relation back." Ross v. Williams, 950 F.3d at 1170 (emphasis added in opinion). Crawley does not allege in initial ground 1(D) what that hearsay testimony was. However, in the case of Gutierrez, Crawley could not have meant anything other than Gutierrez's declarations to Nick Herda. Gutierrez did not testify, and nobody but Nick Herda testified about Gutierrez's hearsay.[1] Initial ground 1(D) thus shares a common core of operative fact with ground II(B): Nick Herda's testimony about Gutierrez's hearsay declarations. Ground II(B) thus relates back to the initial petition.

Crawley also argues that, as with ground II(A), the initial petition includes the decision of the Nevada Supreme Court on direct appeal, through the remittitur attached to the initial petition. ECF No. 34 at 8. The court will not rule upon this argument because the court has found through other means that ground II(B) relates back to the initial petition.

---

[1] Allison Kiel overheard Crawley's end of a telephone conversation with Gutierrez about discarding the murder weapon. However, she testified only about what Crawley said in the conversation. Ex. 146 at 224-26 (ECF No. 20-24 at 225-27).

7

## V. Conclusion

IT THEREFORE IS ORDERED that Respondents' motion to dismiss (ECF No. 16) is **GRANTED** in part. Ground II(A) of the first amended petition (ECF No. 14) is **DISMISSED** with prejudice because it is untimely.

IT FURTHER IS ORDERED that Respondents will have 45 days from the date of entry of this order to file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will have 45 days from the date on which the answer is served to file a reply.

DATED: May 14, 2021.

_____
RICHARD F. BOULWARE, II
United States District Judge