# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRYAN WAYNE CRAWLEY, | Case No. 2:17-cv-02086-RFB-CWH |
| Petitioner, | **ORDER** |
| v. | |
| BRAD CAIN, et al., | |
| Respondents. | |

## I.   Introduction

This is a habeas corpus matter under 28 U.S.C. § 2254. Currently before the court is petitioner Bryan Crawley's motion for leave to file a second amended petition. ECF No. 43. Respondents oppose the motion. ECF No. 44. For the reasons stated below, I grant the motion.

## II.   Procedural History

Crawley commenced this action with a proper-person habeas corpus petition. ECF No. 1. The court appointed the Federal Public Defender to represent him. ECF No. 5. Crawley then filed a counseled first amended petition. ECF No. 14. Respondents filed a motion to dismiss. ECF No. 16. The court postponed ruling on the motion to dismiss and stayed the action pending the final disposition of Ross v. Williams, 950 F.3d 1160, 1165 (9th Cir.) (en banc), cert. denied sub nom. Daniels v. Ross, 141 S. Ct. 840 (2020). ECF No. 26. After the final disposition of Ross, the court reopened the action and granted in part the motion to dismiss, dismissing ground

1

II(A) of the first amended petition because it was untimely. ECF No. 33, 36. The parties then stipulated to postpone respondents' deadline to file an answer and to give Crawley the opportunity to file a motion for leave to file a second amended petition. ECF No. 37. The court agreed. ECF No. 40. Crawley then filed his motion for leave to amend. ECF No. 43.

### III. Discussion

The proposed second amended petition does two things. First, it removes the untimely ground II(A). Second, it realleges three claims that Crawley states he had alleged in the initial petition and had omitted in the first amended petition: (1) Crawley's trial counsel was ineffective for failing to object to the prosecution's use of a substitute medical examiner at trial; (2) Crawley's appellate counsel was ineffective for failing to raise, on direct appeal, the trial court's denial of Crawley's request to present the conviction and comparably minimal sentence of his co-conspirator, Christopher Brewer, at sentencing; and (3) Crawley's appellate counsel was ineffective for failing to raise, on direct appeal, judicial bias at sentencing. ECF No. 43 at 3 (citing ECF No. 1 at 8 (Ground 2(G)).

The strong public policy is to permit amendment. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Factors to consider are "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Id.

The only factor that points against granting Crawley's motion is that he previously amended his petition. However, even that is not all negative. In this court's habeas corpus practice, counsel are allowed on appointment to file an amended petition. It would make little sense to appoint counsel to develop a petitioner's claims if the court did not allow counsel to file an amended petition. Although represented petitioners do not always seek leave to file second amended petitions, the court often grants such motions. The court and the parties then can deal with any procedural problems with newly added grounds that are not readily apparent through motions to dismiss.

Crawley does not make his request in bad faith. The worst that the court could say was that a miscommunication occurred. The attorney who represented Crawley at the time of filing the first amended petition did not reallege these three claims. The current attorney who

represents Crawley recognized the omission. She does not know why the prior attorney dropped those claims. It appears that from the discussions between the current attorney and Crawley that Crawley never wanted to drop those claims and that the current attorney thinks that the claims are viable. ECF No. 45 at 3-4.

Undue delay does not exist. Much of the delay that occurred before the court stayed the action was not Crawley's fault. The case was stayed and closed for about a year and a half pending final disposition of Ross, and that, also, was not Crawley's fault. After the court reopened the case in January 2021, about 7 months passed before Crawley filed his motion for leave to file a second amended petition. However, Crawley's counsel has adequately explained the reason. She entered employment with the Federal Public Defender while the COVID-19 pandemic was a problem. She was unable to speak with Crawley until May 2021, and she has been unable to meet with him in person because Crawley is incarcerated in Oregon and because Oregon prisons were closed to all visitors until this past summer. ECF No. 45 at 3. Those are factors beyond Crawley's control.

Respondents will not be prejudiced by this amendment. The parties agree that respondents may file a motion to dismiss to raise any procedural defenses. ECF No. 44 at 5, ECF No. 45 at 5. The court agrees that respondents may move to dismiss the newly added grounds if procedural defenses exist.

Finally, amendment would not be futile. The new claims do not duplicate existing claims. They are not patently frivolous. The Nevada Supreme Court has ruled on claims that are at least similar. ECF No. 23-28. These are not claims that would be dismissed immediately.

For the above reasons, the court finds that granting Crawley leave to amend would be in the interests of justice.

**IV.   Conclusion**

IT THEREFORE IS ORDERED that petitioner's motion for leave to file a second amended petition (ECF No. 43) is **GRANTED**. Petitioner must file the second amended petition within 7 days of the date of entry of this order.

IT FURTHER IS ORDERED that Respondents must file a response to the petition, including potentially by motion to dismiss, within 60 days of entry of this order and that petitioner may file a reply within 30 days of service of an answer.  The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by Respondents to the petition must be raised together in a single consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, may be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

DATED: December 27, 2021

_____
RICHARD F. BOULWARE, II
United States District Judge