UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRYAN WAYNE CRAWLEY,<br><br>  Petitioner,<br><br>v.<br><br>BRAD CAIN, et al.,<br>  Respondents. | Case No. 2:17-cv-02086-RFB-CWH<br><br>**ORDER** |

Counseled Petitioner Bryan Wayne Crawley petitions for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that the state district court failed to sever the counts, his right to confront the witnesses against him was violated, the state district court improperly allowed the prosecution to play a surreptitious recording, his trial counsel was ineffective, his appellate counsel was ineffective, and cumulative errors. (ECF No. 47). Respondents move to dismiss Crawley's second amended petition, arguing that grounds 4 and 6 do not relate back to Crawley's original petition, and grounds 6 and 7 are unexhausted in part. (ECF No. 50). Crawley opposed the motion, and Respondents replied. (ECF Nos. 53, 56).

**I.     BACKGROUND**

Crawley challenges his 2009 convictions, pursuant to a jury trial, of conspiracy to commit burglary and/invasion of the home, two counts of conspiracy to commit robbery, first-degree murder with the use of a deadly weapon, invasion of the home in possession of a firearm, three counts of robbery with the use of a deadly weapon, conspiracy to commit battery, battery with use of a deadly weapon, two counts of burglary while in possession of a firearm, battery with intent to commit a crime, burglary, assault with a  deadly weapon, battery with use of a deadly weapon, stop required on signal of police officer, child abuse and neglect, conspiracy to commit murder, three counts of solicitation to commit murder, conspiracy to commit an act for the perversion or

corruption of public justice, and bribing or intimidating a witness to influence testimony. (ECF No. 21-31). Crawley was sentenced to, *inter alia*, twenty-two consecutive life sentences without the possibility of parole. Id.

Crawley appealed his judgment of conviction, and the Nevada Supreme Court affirmed. (ECF No. 22-16). Crawley filed a state habeas corpus petition and a supplemental state habeas corpus petition. (ECF Nos. 22-18, 22-25). The state district court held an evidentiary hearing and denied the petition. (ECF Nos. 23-13, 23-15). Crawley appealed, and the Nevada Supreme Court affirmed the denial. (ECF No. 23-28).

## II.     DISCUSSION

### A.     Relation back

Respondents argue that grounds 4 and 6 do not relate back in full to the original petition. A claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. Mayle v. Felix, 545 U.S. 644 (2005). In Mayle, the Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. Id. at 655–64. Rather, under the construction of the rule approved in Mayle, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." Id. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims."

Id. at 659. A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. Id. at 659 n.5; Ha Van Nguyen v. Curry, 736 F.3d 1287, 1297 (9th Cir. 2013).

### 1.     Ground 4

In ground 4, Crawley alleges that he was denied his Sixth and Fourteenth Amendment rights to the effective assistance of trial counsel when counsel failed to object to the testimony of a substitute medical examiner at trial. Crawley alleges that the use of Dr. Alane Olson to testify about Dr. Gary Telgenhoff's autopsy findings violated his confrontation clause rights. Respondents argue that this ground arises from a new and different core of operative facts and is a different time and type from the Crawley's original petition.

In his original petition, in ground 2(g), Crawley alleged that "[t]he [d]istrict trial court erred in denying petitioner the relief [he] sought based on the ineffective assistance of counsel for (1) failing to challenge the State's use of a substitute medical examiner." (ECF No. 1 at 8). Relatedly, in ground 1(c) of his original petition, Crawley argued that "the use of a substitute medical examiner . . . resulted in a fundamental unfair trial in violation of 5th amendment due process and should warrant the reversal of petitioner['s] conviction." Id. at 3. This ground was based on the prosecution's failure to give notice of the substitution in writing 21 days prior to the date of the testimony. Id. Crawley argued that this "untimely notice of substitution deprived defense counsel time to prepare a meaningful cross-examination of the expert witness." Id. And similarly in ground 2(c) of his original petition, Crawley argued that "[t]rial counsel's failure to object to the use of a substitute medical examiner . . . resulted in a fundamentally unfair trial in violation of due process 6th amendment." Id. at 7.

In this regard, the Court is not persuaded by Respondents' argument that ground 4, in which Crawley argues that his trial counsel should have objected to Dr. Olson on Confrontation Clause grounds, does not relate back to the various grounds in the original petition, in which Crawley argues that his trial counsel should have objected on notice grounds. The governing principle instead is that a claim based upon a different legal theory that is tied to the same core of operative facts relates back to the prior claim. Mayle, 545 U.S. at 659 n.5. While based on different underlying legal premises, both ground 4 of the second amended petition and grounds 2(g), 1(c), and 2(c) of the original petition are tied to the same core of operative facts: his trial counsel was ineffective in failing to object to the testimony of a substitute medical examiner at trial. Because ground 4 relates back to Crawley's original petition, it is not untimely.

### 2.     Ground 6

In ground 6, Crawley alleges that he was denied his Sixth and Fourteenth Amendment rights to the effective assistance of appellate counsel when counsel failed to argue there was judicial bias at sentencing. To support this claim, Crawley notes that the state district court imposed the large habitual criminal statute on all but four of his twenty-four convictions, ordered that Crawley be forcibly removed from the courtroom during sentencing, took issue with the lack of a stun belt on Crawley at sentencing, expressed remorse to the victim's family, and called Crawley a "monster." (ECF No. 47 at 25–26). Respondents argue that this ground arises from a new and different core of operative facts and is a different time and type from the Crawley's original petition.

In his original petition, in ground 1(h), Crawley alleged that he "was denied a [f]air and impartial tribunal throughout the proceedings," including at sentencing when the state district court "admonish[ed] the officers that [Crawley] had not been outfitted with the [s]tun belt" and

"improperly had [Crawley] forcibly removed from the courtroom." (ECF No. 1 at 5). Crawley appears to include these same allegations in ground 3(d) of his original petition. Further, in ground 2(g) of his original petition, Crawley alleged that the state district court erred in denying him relief "based on the ineffective assistance of counsel for . . . failing to appeal the sentence based on the court's reliance on impalpable evidence." Id. at 8.

In comparing ground 6 of the second amended petition with grounds 1(h), 3(d), and ground 2(g) of Crawley's original petition, the Court finds that the amended and original petitions share a common core of operative facts. Mayle, 545 U.S. at 659. Although Crawley did not include the fact that the state district court expressed remorse to the victim's family and called him a "monster" in his original petition, these facts were added in the second amended petition to amplify the details of the operative claim that the state district court was allegedly biased at Crawley's sentencing hearing. See, e.g., Ross v. Williams, 950 F.3d 1160, 1168 (9th Cir. 2020) (explaining that "[i]n comparing the petitions' sets of facts, we do not require that the facts in the original and amended petitions be stated in the same level of detail. Relation back may be appropriate if the later pleading merely correct[s] technical deficiencies or expand[s] or modif[ies] the facts alleged in the earlier pleading, restate[s] the original claim with greater particularity, or amplif[ies] the details of the transaction alleged in the preceding pleading") (internal quotation marks omitted). Because ground 6 relates back to Crawley's original petition, it is not untimely.

**B. Exhaustion**

Respondents argue that grounds 6 and 7 are unexhausted, in part.

A state prisoner first must exhaust state court remedies on a habeas corpus claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to

address and correct alleged violations of federal constitutional guarantees. Coleman v. Thompson, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999)). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. O'Sullivan, 526 U.S. at 844–45; Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" Woods, 764 F.3d at 1129 (quoting Gray v. Netherland, 518 U.S. 152, 162–63 (1996)); Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

A state appellate court decision on the merits of a claim exhausts the claim. E.g., Comstock v. Humphries, 786 F.3d 701, 707 (9th Cir. 2015). "In the exhaustion context, the Supreme Court has admonished lower courts that the complete exhaustion requirement is not intended to 'trap the unwary pro se prisoner.'" Davis v. Silva, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008) (quoting Slack v. McDaniel, 529 U.S. 473, 487 (2000) (rejecting argument that petitioner should be limited to claims in an initial federal petition after returning to federal court from state exhaustion proceedings)). "More generally, the Court has held pro se pleadings to a less stringent standard than briefs by counsel and reads pro se pleadings generously, 'however inartfully pleaded.'" Id. (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)).

Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based. Castillo v. McFadden, 399 F.3d

6

993, 999 (9th Cir. 2005). "A claim has not been fairly presented in state court if new factual allegations either fundamentally alter the legal claim already considered by the state courts, or place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it." Dickens v. Ryan, 740 F.3d 1302, 1318 (9th Cir. 2014) (en banc) (quoting Vasquez v. Hillery, 474 U.S. 254, 260 (1986); Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988) (internal quotation marks omitted). But a petitioner may reformulate his claims so long as the substance of his argument remains the same. Picard v. Connor, 404 U.S. 270, 277–78 (1971).

### 1. Ground 6

As a reminder, in ground 6, Crawley alleges that he was denied his Sixth and Fourteenth Amendment rights to the effective assistance of appellate counsel when counsel failed to argue there was judicial bias at sentencing. To support this claim, Crawley notes that the state district court imposed the large habitual criminal statute on all but four of his twenty-four convictions, ordered that Crawley be forcibly removed from the courtroom during sentencing, took issue with the lack of a stun belt on Crawley at sentencing, expressed remorse to the victim's family, and called Crawley a "monster." (ECF No. 47 at 25–26). Respondents argue that the only fact Crawley used to support this claim in his state habeas petition was the state district court questions regarded the stun belt.

In his supplemental state habeas petition, Crawley alleged that he "was denied the right to a fair tribunal and impartial tribunal at sentencing based on the district court's improper remarks and removal of Crawley during the proceedings." (ECF No. 22-25 at 20). Crawley alleged that the state district court "could not contain her utter contempt for Petitioner," imposed the large habitual criminal statute on all but four of his twenty-four convictions, forcibly removed Crawley

7

from the courtroom, and questioned the lack of a stun belt. Id. Crawley noted that the transcripts of his sentencing proceeding had not been requested by his appellate counsel, and he "reserve[d] the right to further supplement this argument upon receipt of those transcripts." Id.

Similarly, in his appeal of the denial of his state habeas petition, Crawley alleged that "he was denied the right to a fair and impartial tribunal at sentencing based on the district court's improper remarks and removal of [him] during the proceedings." ECF No. 23-25 at 32. Crawley alleged that the state district court imposed the large habitual criminal statute on all but four of his twenty-four convictions, forcibly removed him from the courtroom, and questioned the lack of a stun belt. Id. Crawley argues that he "was denied an impartial tribunal throughout the proceedings, reflected in the record numerous times." Id. In their answering brief to the Nevada Supreme Court, the State including the relevant quote from the state district court at Crawley's sentencing hearing: "[u]nfortunately for you your father and grandfather came in contact with one of the worst individuals probably on the face of the earth. He's a monster." ECF No. 23-27 at 46. In affirming the denial of Crawley's state post-conviction petition, the Nevada Supreme Court stated: "Crawley also contends that appellate counsel was ineffective for failing to argue that the trial court judge was biased at sentencing. His contention is not supported by any legal authority or cogent argument." ECF No. 23-28 at 4 n.1.

Although Crawley did not specifically support this claim before the state courts with allegations that the state district court expressed remorse to the victim's family and called Crawley a "monster" at his sentencing hearing, Crawley stated in his state habeas petition that the state district court "could not contain her utter contempt for" him and stated in his appellate brief that the state district court made "improper remarks" at his sentencing hearing. As such, this Court finds that Crawley fairly presented this claim to the state courts because even if these facts are

considered new, they did not fundamentally alter the legal claim already considered by the state courts. Ground 6 is exhausted.

### 2. Ground 7

In ground 7, Crawley alleges that he is entitled to relief because the cumulative effect of the errors deprived him of a fair trial. ECF No. 47 at 26. Respondents argue that Crawley cannot incorporate all the claims in his second amended petition into ground 7 because he has not raised an all-encompassing cumulative error claim. ECF No. 50 at 7. Instead, he raised only a cumulative error claim for his direct appeal claims and a separate cumulative error claim for his state habeas appeal claims. Id. Crawley acknowledges the issue and requests that this Court construe ground 7 as two distinct cumulative errors subclaims: (1) cumulative error regarding his direct appeal claims (grounds 1, 2, and 3 of his federal petition), and (2) cumulative error regarding his state habeas appeal claims (grounds 4, 5, and 6 of his federal petition). ECF No. 53 at 8–9. This Court grants Crawley's request and will construe ground 7 as two distinct cumulative error subclaims. As such, ground 7(1) and ground 7(2) are exhausted.

## III. CONCLUSION

Therefore, IT IS ORDERED that respondents' motion to dismiss (ECF No. 50) is DENIED.

IT IS FURTHER ORDERED that respondents have 60 days from the date of this order in which to file and serve an answer addressing the merits of the second amended petition. Petitioner will have 30 days from the date of service of the answer to file a reply.

DATED: October 5, 2022.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT COURT